HARDY, Judge.
Plaintiff instituted this action on an open account, and, in answer, defendant asserted a reconventional demand. From judgment in favor of plaintiff on the main demand and in favor of defendant on the reconventional demand slightly in excess of plaintiff’s claim, plaintiff has appealed from judgment with respect to the allowance of defendant’s reconventional claim.
Plaintiff is a dealer in automobile and truck tires and this action is based upon an unpaid balance of defendant’s account. On trial defendant admitted the indebtedness as asserted by plaintiff in the sum of $354.86 and then proceeded to establish by his testimony and that of a former employee the defective nature of certain tires sold to him by plaintiff, for which he claimed the allowance of the price thereof. Before this court it is contended on behalf of appellant that the defendant failed to prove with any degree of certainty the amounts of his re- *577 conventional claim. The resulting issue is factual in nature.
The amount claimed in defendant’s re-conventional demand was the sum of $918.-30, of which the amount of $414.74 was allowed by the district judge.
Our examination of the record has convinced us that the claim of failure of certainty of proof is without merit. Defendant, plaintiff in reconvention, testified explicitly, and by reference to certain invoices filed in evidence, that the tires covered thereby were defective and that he sustained a total loss of the purchase price. The testimony as to the defective nature of certain of these tires was corroborated by a former employee of defendant, who testified in his behalf. The record contains no evidence which would serve to contradict this testimony.
We find no error in the judgment appealed from and, accordingly,, the same is affirmed at appellant’s cost.